WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott P. Dejno, | No. CV-17-02019-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Scott P. Dejno's Application for Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) and an Amended Complaint (Doc. 26) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 18, "Resp."), and Plaintiff's Reply (Doc. 22, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, R.) and now reverses the Administrative Law Judge's decision (R. at 30–43) as upheld by the Appeals Council (R. at 1–7).

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income Benefits on May 6, 2013 for a period of disability beginning December 4, 2012. (R. at 30.) Plaintiff's claim was denied initially on November 4, 2013 (R. at 30), and on reconsideration on February 21, 2014 (R. at 30). Plaintiff then testified at a hearing held before an Administrative Law

Judge ("ALJ") on September 24, 2015. (R. at 30–43.) On November 20, 2015, the ALJ denied Plaintiff's Application. (R. at 43.) On April 25, 2017, the Appeals Council denied a request for review of the ALJ's decision. (R. at 1–7.) On June 23, 2017, Plaintiff filed this action seeking judicial review of the denial. (Doc. 26 at 2.) Plaintiff later filed a second application for benefits, which the SSA approved on January 14, 2018. (Doc. 26 at 2.) In awarding Plaintiff benefits, the SSA found Plaintiff disabled from November 26, 2015 onwards. (Doc. 26 at 2.) Plaintiff filed his Amended Complaint to reflect this development, and the scope of the Court's review is therefore limited to the period between Plaintiff's alleged onset date of December 4, 2012 and November 25, 2015. (Doc. 26 at 2.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following alleged impairments: tachybrady syndrome; status post permanent pace-maker emplacement, with a residual component of multifactorial orthostatic light-headedness; degenerative joint disease of the right knee; type II diabetes with peripheral neuropathy in the lower extremities; and obesity. (R. at 32.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404." (R. at 32.) The ALJ then found that Plaintiff is able to perform his past relevant work as a tractor trailer truck driver. (R. at 40.)

**II. LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable

person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by rejecting the opinion of Plaintiff's treating physician; and (2) the ALJ erred by discrediting Plaintiff's symptom testimony. (Pl.'s Br. at 1.)

### A. The ALJ Erred by Partially Discrediting the Opinions of Plaintiff's Treating Physician

Plaintiff argues that the ALJ erred when she afforded the opinion of Plaintiff's treating physician, Dr. Thomas Edwards, "some weight." (R. at 39.) The Court finds that the ALJ did indeed fail to articulate clear and convincing reasons, supported by substantial evidence, to partially discredit Dr. Edwards's testimony. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (requiring "clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician) (internal citations omitted).

The ALJ largely relied on a contradiction between Dr. Edwards's answers on a Dizziness Residual Functional Capacity Questionnaire and prior documentation of Plaintiff's disorder. (R. at 39.) In the 2015 RFC report, Dr. Edwards indicated that Plaintiff suffered from dizziness episodes between five and ten times per day. (R. at 438.) But in a 2014 event monitor test ordered by another of Plaintiff's doctors—Dr. Jon Stevenson, who did not provide medical testimony in this proceeding—Plaintiff experienced only eight episodes in thirty-five days. (R. at 36.) The difference between eight episodes and as many as 350 in the same time period is a significant disparity. But differing medical records are not, on their own, a clear and convincing reason to partially disregard the testimony of a treating physician.

Defendant cites to several cases where an ALJ rejected physician testimony based on a disparity between testimony and prior medical records. (Def.'s Br. at 6); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that the discrepancy between a treating physician's testimony and his prior recorded observations of a claimant constitutes "a clear and convincing reason for not relying on the doctor's opinion"); *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (finding the ALJ had clear and convincing

reasons to reject doctor's testimony where his "opinion is clearly inconsistent with the medical notes that he had made during examinations" of the claimant). But both cases offered by Defendant involved physicians whose testimony differed from their own previously recorded observations and diagnoses. Here, Dr. Edwards's testimony does not differ from his own treatment notes. The ALJ points out only that it differs from the results of a test ordered by Dr. Stevenson in 2014. (R. at 36.)

If Dr. Stevenson had provided a medical opinion, rather than just results of a 2014 test, that contradicted Dr. Edwards's opinion, the ALJ could have exercised her power to resolve conflicts in medical testimony and reconciled the discrepancies between them. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.") But the only related medical testimony that the ALJ relied on came from Lynda Jones, a Nurse Practitioner who works with Dr. Stevenson. (R. at 38.) And the ALJ did not rely on Jones for information regarding the 2014 test. (R. at 459–62.) Without contradictory medical testimony, the ALJ resorted to discrepancies between Dr. Edwards's testimony and medical records prepared by other doctors.

The Ninth Circuit has held that discrepancies between a treating physician's documentation and another physician's documentation—in this case, standalone test results from 2014—do not always constitute clear and convincing reasons to reject the first physician's testimony. In *Ryan v. Commissioner*, the court found that the more extensive records of a treating physician, which were partially contradicted by less thorough documentation of a second physician, were more reliable in the disability determination. 528 F.3d 1194, 1200 (9th Cir. 2008). The court also cited to *Regennitter v. Commissioner*, which similarly credited the testimony of a physician whose documentation was partially contradicted by that of another physician. 166 F.3d 1294, 1299 (9th Cir. 1999) ("Nothing in [one examining doctor's report] rules out [another examining doctor's] more extensive findings.").

Despite the existence of a test ordered by Dr. Stevenson which indicates that Plaintiff's dizziness episodes are less frequent than Dr. Edwards believes, the ALJ may not discredit Dr. Edwards's testimony based on that alone. Without contradictory testimony, there was no clear and convincing reason to discredit Plaintiff's treating physician.

### B. The ALJ Must Reevaluate Plaintiff's Testimony in Light of Dr. Edwards's Properly Credited Opinion

Plaintiff also argues that the ALJ erred by rejecting his symptom testimony. (Resp. at 11—14.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal citations omitted).

The ALJ decided that "[t]he evidence does not support the severity and extent of the limitations the claimant alleges," largely in part because "the evidence does not support the frequency of the dizzy spells the claimant alleges." (R. at 36.) The ALJ noted the 2014 event monitor test, as explained above, as well as ongoing treatment including the placement of a pacemaker, and treatment notes that did not recommend any additional medication or treatment. (R. at 36.) She further noted that the pacemaker reduced Plaintiff's migraines and has likely reduced Plaintiff's dizzy spells and cardiac issues. (R. at 36.) Additionally, the ALJ noted that Plaintiff's disputed testimony that he requires a cane is irrelevant because the Vocational Expert ("VE") identified two jobs that can be performed while sitting. (R. at 37.)

As discussed above, the results of the 2014 test contradict Plaintiff's testimony that his dizzy episodes are nearly constant throughout the day, but Plaintiff's testimony might be consistent with Dr. Edwards's 2015 RFC report. Plaintiff argues that these spells are necessarily self-reported incidents, and it is error to discredit testimony based on a lack of recorded episodes. (Reply at 3.) But, at least for a period of a month in 2014, these incidents were not self-reported—they were recorded. (R. at 402–25.) In that way, Plaintiff's

- 6 -

testimony is different from pain testimony that many of his cited cases dealt with. Plaintiff's testimony largely centers on a measurable and concrete ailment, rather than something subjective like pain. Thus, the underlying medical evidence could constitute clear and convincing reasons to discredit his testimony. *See Valentine v. Comm'r*, 574 F.3d 685, 693 (9th Cir. 2009) (finding that where the ALJ "pointed to specific evidence in the record . . . that undermined [Claimant's] claims," he had articulated clear and convincing reasons to discredit Claimant's symptom testimony). But in light of the Court's finding above that the ALJ must credit Dr. Edwards's 2015 RFC report, the ALJ must reassess the credibility of Plaintiff's testimony.

## IV. CONCLUSION

The ALJ erred in discrediting the testimony of treating physician Dr. Edwards and as a result must reassess the credibility of Plaintiff's symptom testimony. Further, the VE has not yet opined on Plaintiff's ability to work when Dr. Edwards's opinion is credited. (R. at 37.) Thus, the Court remands for rehearing so that Plaintiff may be assessed according to his proper limitations.

**IT IS THEREFORE ORDERED** reversing the November 20, 2015 decision of the Administrative Law Judge (R. at 30–43), as upheld by the Appeals Council on April 25, 2017 (R. at 1–7).

**IT IS FURTHER ORDERED** remanding this matter for further consideration consistent with this Order, which will include crediting the records of Plaintiff's treating physician, reassessing the credibility of Plaintiff's testimony, and adjusting the RFC presented to a VE as necessary.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 20th day of March, 2019.

Honorable John J. Tuchi
United States District Judge